UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 15-307 |
| DWIGHT JOSEPH | SECTION "R" (1) |

**ORDER AND REASONS**

The Court has received defendant Dwight Joseph's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i),¹ and for appointment of counsel.² The government opposes both requests.³ The Court denies defendant's motions.

## I.   BACKGROUND

Joseph pleaded guilty to possessing child pornography and failing to register as a sex offender.⁴ Joseph's requirement to register as a sex offender arose from a previous child pornography conviction.⁵ And here, Joseph had on her computer hundreds of photos and dozens of videos of children being sexually victimized.⁶ For instance, one video showed a girl not older than

---

1   R. Doc. 68.
2   R. Doc. 68; R. Doc. 71.
3   R. Doc. 70-2 (sealed).
4   *See* R. Doc. 50 at 1; R. Doc. 65 at 1.
5   *See* R. Doc. 51 at 2.
6   *See* R. Doc. 51 at 4.

four "being forcibly anally penetrated by an overweight white male."[7] Joseph was sentenced to 120 months' imprisonment.[8] Joseph currently is imprisoned at Philadelphia FDC, with an expected release date of June 6, 2024.[9] Joseph has previously requested a reduction in sentence due to COVID-19 from her prison warden, but her request was denied.[10]

Joseph now moves for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), "based upon [the] extraordinary and compelling reason" of COVID-19,[11] as well as for appointment of counsel.[12] In her compassionate release motion and supplemental memoranda,[13] she points to various health conditions, including lung disease and borderline diabetes,[14] allegedly putting her at "high-risk of contracting" the virus and thus justifying her request.[15]

Additionally, Joseph suggests that a recent bill passed by the House of Representatives supports finding her eligible for release.[16] Joseph also

---

[7]   *See id.*
[8]   *See* R. Doc. 65 at 2.
[9]   *See Inmate Locator, Federal Bureau of Prisons,* https://www.bop.gov/inmateloc/ (last visited June 12, 2020).
[10]  *See* R. Doc. 68-1 at 4-5.
[11]  *See* R. Doc. 68 at 1-2.
[12]  *See* R. Doc. 68 at 1; R. Doc. 71.
[13]  R. Doc. 68; R. Doc. 72; R. Doc. 73.
[14]  *See* R. Doc. 68 at 2.
[15]  *See* R. Doc. 72 at 2.
[16]  *See* R. Doc. 73 at 1.

alleges that her equal protection rights have been violated because Paul Manafort, a "high profile federal inmate," was released.[17] She claims the Bureau of Prisons is discriminating against her because she is "transgender, a person of color, [and] a person with no political ties."[18] Plaintiff also argues that her Eighth Amendment rights have been violated due to the risks she faces from COVID-19 while imprisoned.[19]

## II.    DISCUSSION

### A.    Appointment of Counsel

The Court denies Joseph's request for counsel. Generally, "the right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). And specifically, in the analogous context of 18 U.S.C. § 3582(c)(2) motions, the Fifth Circuit has held that defendants have no statutory or constitutional right to counsel. *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); *see also United States v. Moore*, 400 F. App'x 851, 852 (5th Cir. 2010) (per curiam) ("There is no right to appointed counsel in a § 3582(c)(2) proceeding.").

Furthermore, the Court finds that "the interest of justice d[oes] not require the appointment of counsel because [defendant's] . . . motion d[oes]

---

[17]    *See* R. Doc. 72 at 1-2; R. Doc. 73 at 2-3.
[18]    *See* R. Doc. 72 at 2.
[19]    *See* R. Doc. 73 at 4-5.

3

not involve complicated or unresolved issues." *See Moore*, 400 F. App'x at 852 (citing *United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008)). Indeed, Joseph's submissions do not reveal her to be incapable of pursuing this matter pro se. *See United States v. Richardson*, No. 5:18-CR-507-LFL, 2020 WL 2200853, at *1 (E.D.N.C. May 6, 2020) (denying a request for counsel when "defendant is capable of requesting compassionate release without the assistance of counsel" and "has not established that the interests of justice require appointment of counsel"). In sum, therefore, the Court does not find appointing counsel warranted.[20]

### B.   Compassionate Release

As an initial matter, insofar as Joseph asks the Court to designate her for home confinement,[21] the Court cannot order that relief. Rather, the decision to order home confinement rests solely with the Bureau of Prisons. *See* 18 U.S.C. § 3621(b) (providing that the "Bureau of Prisons shall designate the place of the prisoner's imprisonment" and that "a designation of a place of imprisonment . . . is not reviewable by any court"); *United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993) ("[M]any cases have addressed the authority

---

[20] The Court does not find defendant's stylizing her motion as a request for counsel rather than for compassionate release a reason not to proceed to the merits of her claim.

[21] *See, e.g.*, R. Doc. 73 at 1-6.

4

of a judge to specify the place of incarceration[,]" and "[t]hese cases hold that a court may recommend that a sentence . . . be served in a particular prison or jail, but that only the Bureau of Prisons has the actual authority to designate the place of incarceration.").

Similarly, the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281 (2020), provides that "the *Director of the Bureau [of Prisons]* may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code." *See id.* § 12003(b)(2) (emphasis added); 18 U.S.C. § 3624(c)(1)-(2) ("The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months . . . under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry," including "home confinement"). Numerous courts have therefore found that a court lacks jurisdiction to order home confinement under the CARES Act. *See, e.g., United States v. Mabe*, No. 3:15-CR-133, 2020 U.S. Dist. LEXIS 66269, at *1 (E.D. Tenn. Apr. 15, 2020) ("This Court . . . does not have power to grant relief under Section 12003 of the CARES Act.").

Insofar as Joseph asks the Court for relief which it has the authority to provide, the Court does not find compassionate release appropriate in these circumstances. First, Joseph has not made a showing that the BOP was unable to address her situation adequately. Indeed, the Attorney General has generally instructed the BOP to prioritize granting home confinement on account of COVID-19,[22] and specifically expanded home release in facilities affected by COVID-19.[23] And the BOP not only is aware of COVID-19, but also has taken its own measures to address the disease's impact.[24] Furthermore, in doing so, the BOP had to use its expertise to consider both the impact of COVID-19 on individual prisoners, as well as the system-wide consequences of releasing prisoners as a response. The BOP, therefore, was

---

[22] Attorney General, *Prioritization of Home Confinement As Appropriate in Response to COVID-19 Pandemic* (Mar. 26, 2020), https://www.bop.gov/resources/news/pdfs/20200405_covid-19_home_confinement.pdf.
[23] Attorney General, *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19* (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.
[24] *See, e.g.*, Federal Bureau of Prisons, *Update on COVID-19 and Home Confinement* (Apr. 5, 2020) (stating that "[i]n response to COVID-19, the Bureau of Prisons (BOP) has instituted a comprehensive management approach that includes screening, testing, appropriate treatment, prevention, education, and infection control measures"), https://www.bop.gov/resources/news/20200405_covid19_home_confinement.jsp; *see also, e.g.*, Federal Bureau of Prisons, *BOP Implementing Modified Operations*, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited June 12, 2020).

well-situated to determine whether Joseph should be released from prison on account of the impact of COVID-19. The BOP has denied Joseph's request for release,[25] and the Court finds no fault with that decision.

Second, Joseph has not shown that she satisfies the other requirements for compassionate release. For instance, a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The application notes to the relevant policy statement identify three discrete "extraordinary and compelling reasons" that could warrant a reduction: a "terminal illness" or a condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (b) "[a]ge"—starting at age 65; and (c) "[f]amily [c]ircumstances." *See* U.S.S.G. § 1B1.13, application note 1 (emphasis removed). The Guidelines also identify a category of "[o]ther [r]easons," but state that such reasons are "[a]s determined by the Director of the Bureau of Prisons." *See id.* § 1B1.13, application note 1(D) (emphasis removed).

Defendant presents a variety of arguments in support of her release, but she does not identify how she fits into any of these Guidelines categories. *See, e.g.*, *United States v. Clark*, No. CR 17-85-SDD-RLB, 2020 WL 1557397,

---

[25]   *See* R. Doc. 68-1 at 4-5.

7

at *4 (M.D. La. Apr. 1, 2020) ("Defendant cites no authority for the proposition that the *fear* of contracting a communicable disease warrants a sentence modification."). Insofar as defendant argues that her health conditions inherently present extraordinary and compelling reasons for release, the Court notes that it was aware of many of defendant's health problems at the time of sentencing.[26] And "[a]n inmate's current diagnosis of a chronic condition does not constitute an 'extraordinary and compelling' basis for compassionate release, both under the U.S. Sentencing Commission guidance and when these terms are read in the plain sense." *United States v. Jepsen*, No. 3:19-CV-00073(VLB), 2020 WL 1640232, at *4 (D. Conn. Apr. 1, 2020). As such, the Court does not find that these health conditions justify a modification of defendant's sentence.

Insofar as defendant suggests that the combination of COVID-19 and her health conditions now present an extraordinary and compelling reason for release, the Court notes both that defendant herself is receiving regular healthcare,[27] and that "officials at [her prison] are taking reasonable and prudent steps to prevent the spread of coronavirus within the facility." *United States v. Valdez*, No. CR 17-47-2-LPS, 2020 WL 2199836, at *2 (D.

---

[26] *See* R. Doc. 57 at 15-16 ¶¶ 70-73 (sealed Presentence Investigation Report).
[27] *See* R. Doc. 68-1 at 6-14.

Del. May 6, 2020). Consequently, the Court does not find that defendant's ability to provide self-care has been substantially diminished.

Furthermore, the policy statement also requires that "[t]he defendant is not a danger to the safety of any other person or to the community." *See* U.S.S.G. § 1B1.13(2). As discussed below, defendant's pre-conviction conduct suggests she poses a danger to the community. And defendant's post-conviction conduct reveals numerous prison violations, which—though non-violent—do not suggest an ability to reintegrate safely into the community.[28] Overall, therefore, the Court does not find grounds under the Sentencing Commission's policy statements for compassionate release.

Third, the Court does not find the Section 3553(a) factors support such a reduction. When determining whether to modify a sentencing under Section 3582(c)(1)(A), the Court must "consider[] the factors set forth in section 3553(a)." *See* 18 U.S.C. § 3582(c)(1)(A). Here, the "seriousness of the offense" militates against early release. *See* 18 U.S.C. § 3553(a)(2)(A). Joseph was convicted for possessing a considerable amount of child pornography.[29] Furthermore, Joseph had previously been convicted of a similar offense,[30] suggesting that reducing Joseph's sentence would neither

---

[28] *See* R. Doc. 76-1.
[29] *See* R. Doc. 51 at 4.
[30] *See id.* at 2.

9

"afford adequate deterrence," nor "protect the public from further crimes of the defendant." *See id.* § 3553(a)(2)(B)-(C). Indeed, the Attorney General specifically excluded sex offenders from those for whom home confinement should be considered as a priority, given "the danger posed by the inmate to the community."[31]

Finally, the Court does not find that defendant's other arguments—for instance, that the Court should look to unenacted legislation in making its decision,[32] or that failing to release Joseph would violate her constitutional rights[33]—provide a basis for granting compassionate release.

For the foregoing reasons, the Court DENIES defendant's motion.

New Orleans, Louisiana, this __12th__ day of June, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[31] *See* Attorney General, *Prioritization of Home Confinement As Appropriate in Response to COVID-19 Pandemic* (Mar. 26, 2020), https://www.bop.gov/resources/news/pdfs/20200405_covid-19_home_confinement.pdf.

[32] *See* R. Doc. 73 at 1.

[33] *See* R. Doc. 72 at 1-2; R. Doc. 73 at 4-5.